UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PEGGY WEBSTER, et al.                                                                                    PLAINTIFFS

v.                                                                          CIVIL ACTION NO. 3:09CV-15-S

J.M. HOLLISTER, LLC                                                                                       DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiffs, Peggy and George Webster, to remand the action to state court and for costs (DNs 6, 7).

In July of 2007, Peggy Webster fell while entering a Hollister store in Louisville, Kentucky. On May 7, 2008, the Websters sent Hollister a demand letter stating that they sought $250,000.00 to resolve the matter. The demand was rejected and this lawsuit ensued. This personal injury action was originally filed in the Jefferson County, Kentucky, Circuit Court on July 11, 2008. Hollister propounded interrogatories concerning damages to which the plaintiffs responded on December 10, 2008, indicating that they were seeking $752,000.00. The action was removed by the defendant, J.M. Hollister, LLC, on January 7, 2009.

The Websters have moved to remand the action on the ground that it was untimely removed. The removal statute, 28 U.S.C. § 1446 states, in pertinent part, that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable..." The Webster's complaint did not indicate the amount in controversy, beyond stating that the amount exceeded the jurisdictional limit of the state court. Therefore, Hollister removed the action within thirty days of receiving responses to its interrogatories on damages.

The Websters contend, however, that the thirty-day removal period began running on the date of the filing of the complaint, as it already had notice of the removability of the suit by virtue of the demand letter sent before the suit was filed. The Websters urge that this demand letter constituted "other paper" from which it could be ascertained that the case was removable.

The court concludes that the very language of the removal statute precludes the interpretation offered by the Websters on this issue. The two different calculations contained in section 1446 both begin the process with the filing of the complaint. It is beyond question that until there is an action filed, there is nothing for a defendant to remove.

In the first instance, notice of removal must be filed within thirty days of receipt of the initial pleading which states a removable cause of action. In the second instance where the initial pleading does not state an action which may be immediately removed, notice must be filed within thirty days from receipt of an amended pleading or paper which evidences that the action has become removable, but no later than one year from the commencement of the action. The action is either removable on its face when filed, or becomes removable through some subsequent documentation.

The Websters posit a third calculation, a hybrid of the two paragraphs, which is not reflected in the statute. They urge that the filing of a complaint which is not immediately removable on its face should, in fact be found to be immediately removable, and thus begin the running of the thirty-day period, where the defendant is in possession of a pre-suit paper which evidences a demand for an amount in excess of the jurisdictional limit. While the cases cited by the Websters[1] state that pre-suit demand letters may provide some evidence of the amount in controversy in a case, they do not stand for the proposition that the statutory period for filing a notice of removal of an action may be altered by pre-suit activities.

---

[1] *See ie.*, *Wiseman v. Purdue Farms, Inc.*, 2007 WL 1150287 (E.D.Ky. 2007), unpubl.; *Osborne v. Pinsonnealt*, 2007 WL 710131 (W.D.Ky. 2007), unpubl.

As we find that the statute mandates that, under the circumstances of this case, the thirty-day period did not begin to run until the date of the receipt of the Websters' responses to discovery, removal of the action to this court was timely.

Motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiffs, Peggy and George Webster, to remand and for costs (DNs 6,7) is **DENIED.**

**IT IS SO ORDERED.**